**Manuel Barrera BRAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74749.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 2005.*

Decided March 15, 2006.

Fellom & Solorio, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Leslie K. Herje, Esq., Madison, WI, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Manuel Barrera Bran, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of the decision by the immigration judge (IJ) denying his applications for asylum, withholding of removal and protections under the Convention Against Torture ("CAT") based on an adverse credibility determination. We have jurisdiction over this timely filed petition under 8 U.S.C. § 1252(a). We review for substantial evidence, *see Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

To establish eligibility for asylum an alien must demonstrate past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir.2005). Withholding of removal requires showing a clear probability of such persecution. *Id.* CAT relief is available to an alien who demonstrates "it is more likely than not

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

that he or she would be tortured if removed to the proposed country of removal." *Id.* at 1172 (internal quotation omitted).

Bran claims that he was persecuted in Guatemala by the army because he refused to join the civil patrols. The IJ based his adverse credibility determination on Bran's inconsistent explanations for why he refused service in the civil patrols. Bran does not dispute the inconsistency but argues that it does not constitute substantial evidence because it is a minor discrepancy that is not at the heart of Bran's claims of persecution.

As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, this court is bound to accept the negative credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004).

Here, Bran's reasons for refusing to join the civil patrols are central to his asylum claim, for he must not only demonstrate persecution, but persecution for reasons that are protected by the immigration laws. Therefore, Bran's inconsistent explanations why he would not serve in the civil patrols go to the heart of his claim of persecution. Thus, the IJ's adverse credibility determination is supported by substantial evidence. *Id.*

Because Bran did not establish eligibility for asylum, he did not meet his higher burden of showing that it is "more likely than not" he would be persecuted upon return to Guatemala, as required to demonstrate entitlement to withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). Likewise, he

did not demonstrate that it is more likely than not that he will be tortured if returned to Guatemala. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.